E. R. Boynton and A. Worth v. Samuel Hardin.

No. 569. (58 Pac. 1007.)

1. Evidence—*Declarations of Codefendant*. The declarations of a codefendant, when competent for any purpose, are properly admitted in evidence.

2. Findings of Court—*Issue Abandoned*. It is not reversible error for a court to fail to make a finding upon an alleged agreement, the same being an issue presented by an answer, where all the pleadings and evidence together show that the alleged agreement was abandoned by all the parties, and that the same was not relied upon by either.

3. —— *Pleadings—Issues*. It is not proper that the findings be confined to the issues presented in the petition; if the findings are in response to the issues presented by all the pleadings taken together, they are pertinent.

4. —— *Basis for Judgment*. A judgment is supported by the findings where no other judgment could have been rendered upon the findings, and where all the elements necessary to support the verdict are embraced in such findings.

Error from Wyandotte court of common pleas; W. G. Holt, judge. Opinion filed November 1, 1899. Affirmed.

*A. R. Lyon*, and *Nathan Cree*, for plaintiffs in error.
*Hutchings & Keplinger*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: Hardin was a dealer in hay. Worth and Boynton were partners engaged in the business of warehousemen. Hardin employed Worth & Boynton to store his hay, and to indemnify him against loss by fire by carrying adequate insurance for his protection. Under this agreement he delivered his hay to Worth & Boynton, and it was consumed by fire in their warehouse, but they refused to indemnify him.

Worth filed an amended answer, admitting the existence of the partnership of Worth & Boynton and the destruction of their warehouse by fire, but alleging that said partnership had been dissolved, and denying generally all other allegations in the petition. At the trial Boynton obtained leave to and did file a second amended answer. The answers were verified. Boynton in his second amended answer set up (1) a general denial; (2) an admission in substance that they made an agreement with Hardin to store his hay and to protect him from fire, but alleged that there were certain limitations on this agreement; that after making the agreement and receiving the hay for storage their partnership was dissolved; that they made a new separate agreement with Hardin which discharged the copartnership from the original agreement; that the original agreement was terminated by the dissolution of the partnership and by a subsequent agreement that Hardin's hay was not to be thereafter insured. He further alleged that Hardin's hay was, after the dissolution, taken into the separate possession of Boynton; that Worth and Boynton each separately insured the hay and other goods and articles in his possession. For reply, Hardin denied all the allegations of the answers, except that they agreed to protect him against loss by fire.

The case was tried on the petition, the amended answer of Worth, the second amended answer of Boynton, and the replies. A jury was waived, and the court, by request of both parties, stated its conclusions of fact and of law separately. The court awarded judgment against Worth & Boynton for the value of the hay. The defendants, as plaintiffs in error, present the case to this court for review, and allege:

*First.* That the court erred as against Boynton by admitting evidence as to Worth's declarations after the dissolution of the firm. Hardin, Gibbens and other witnesses were allowed to testify to declarations made by Worth after the dissolution of the copartnership. The substance of these several declarations alleged to have been made by Worth was that Hardin had plenty of insurance; that he should not lose a dollar, but everything was all right; that Worth admitted that he promised to insure the hay. This evidence was competent, at least, against the party making the declarations. Worth & Boynton were sued jointly as a copartnership. Much of this testimony was admitted without objection. In no case was the court asked to limit or treat Worth's declarations as evidence against Worth only, nor did the court rule upon that question. The evidence was competent as tending to fix a liability upon Worth, and no doubt the court did, in weighing the evidence, consider the same only for the purpose of fixing the liability as against the party making the declarations. The evidence was properly admitted.

*Second.* That the facts found do not cover all of the issues. Herein complaint is made that the court failed to find as to the alleged agreement of Hardin to remove his hay directly after the dissolution of the 'copartnership. It is true that the defendant Boynton alleged in his answer that Hardin agreed to move his

hay immediately after the dissolution of the copart-
nership, and that the hay remained in the warehouse
thereafter at his own risk.   It would have been nec-
essary for the court to make a finding upon this ques-
tion were it not for the fact that the answer shows the
hay was left in the warehouse after the dissolution of
the copartnership ; that each of the defendants sepa-
rately insured the hay and other goods and articles in
the separate possession and ownership of each of them.
The answer shows that neither party relied upon such
agreement, if made, but that the same was waived by
the defendants, and that they insured the hay for the
benefit of Hardin, and besides the court was not re-
quested to make any further or additional finding, so
that the court's attention was not directed to the al-
leged error.    No reversible error can be predicated
upon the failure of the court to find in this respect.

*Third.*    That the conclusions of law and judgment
are based upon facts found outside the cause of ac-
tion set out in plaintiff's petition.   Plaintiffs in error
argue that the real point contested in the trial court
was the alleged agreement to insure and its breach.
We think this is not a fair statement of the case.   We
think the real point in controversy in the trial court
was that plaintiffs in error agreed to store hay for
plaintiff and to indemnify him against loss by fire by
carrying adequate insurance for his protection.   It
appears to the court that indemnity by insurance was
the real question.   All of the findings of fact by the
trial court appear to have been proper under the
issues as made by all of the pleadings.   It is not
necessary that the findings be confined to the issues
presented in the petition, if they are proper under all
the pleadings they are pertinent.   The plaintiffs in
error seem all the way through their brief and argu-

Boynton v. Hardin.

ment to lose sight of the fact that it is alleged in the petition that defendants agreed to indemnify plaintiff against loss by fire by carrying insurance. The entire argument is based upon the assumption that if plaintiffs in error insured the hay that was the end of their obligation.

*Fourth.* That the findings do not support the conclusions of law. No other judgment could have been rendered than one against the plaintiffs in error, upon the findings of fact as returned by the trial court. The defendants practically admitted the bailment, the agreement to carry adequate insurance for the protection of the plaintiff, and to indemnify him by carrying such insurance, as against loss by fire, for the destruction of the property, while in their possession. The conclusion is irresistible from the findings of the trial court that defendants were liable for the amount of loss sustained. The judgment is supported by the findings of fact. Nothing that the defendants did or could do after the dissolution of the copartnership, without the consent of plaintiff, would relieve them from their liability under the agreement made for the storage of the hay and indemnity of plaintiff against loss.

From what we have said, it follows that the motion for a new trial was properly overruled.

The judgment must be affirmed.